## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN RAMOS,
an individual,

                                    Case No.:

       Plaintiff,

v.

TRUIST BANK d/b/a,
BRANCH BANKING AND TRUST COMPANY
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company,

       Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, BRIAN RAMOS (hereinafter, "Plaintiff"), by and

through the undersigned counsel, and hereby sues Defendants, TRUIST BANK,

d/b/a BRANCH BANKING AND TRUST COMPANY (hereinafter, "Truist"),

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and

EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax"),

(hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Credit Reporting

Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Truist improperly credit-reported and subsequently "updated" objectively-inaccurate information related to a consumer loan allegedly owed to Truist on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian and Equifax.

2. More specifically, despite Plaintiff advising Truist that he was not 30 days past due on the account, and after Plaintiff disputed Truist's reporting of such erroneous information directly to Experian, Equifax and TransUnion- Truist *continued* to report the account as 30 days past due.

3. Furthermore, this is an action for damages for Experian and Equifax's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Experian and Equifax each continued to incorrectly report Plaintiff as 30 days past due after Plaintiff repeatedly advised that such account was not past due, and after Plaintiff provided information to Experian and Equifax proving the same.

## JURISDICTION, VENUE & PARTIES

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.    Venue is proper in this District as the acts and transactions described herein occur in this District.

7.    At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

8.    At all material times herein, Truist does business in Florida.

9.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.    At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

## FCRA STATUTORY STRUCTURE

11.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

3

*Id.* at § e(b) (emphasis added).

13.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

16.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

19.     At all material times herein, Trust reports information concerning an alleged consumer loan referenced by account number 4616********* (hereinafter, the "Alleged Debt" or the "Account").

20.     At all material times herein, Plaintiff's credit reports and credit files as maintained by Experian and Equifax did not contain any other negative, derogatory, or adverse tradeline accounts other than the Account at issue in this case.

21.     At all material times herein, Truist furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

22.     At all material times herein, Experian and Equifax are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian and Equifax each disburse such consumer reports to third parties under contract for monetary compensation.

23.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

24.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## CREATION OF THE DEBT

25.     In or around February 2021, Plaintiff opened the Account with Truist.

26.     As part of the contractual terms of the Account, Truist was supposed to auto-debit Plaintiff's checking account monthly in order to make payment on the Account.

27.     Despite this, Truist did not correctly set up the auto-debit on Plaintiff's checking account.

28.     As a result, in July 2021, payment was not made on Plaintiff's Account resulting in a $27 past due amount and a 30-day late payment mark on Plaintiff's credit reports.

## PLAINTIFF'S DISPUTES TO TRUIST REGARDING THE ACCOUNT AND TRUIST, EXPERIAN, EQUIFAX, AND TRANSUNION'S DISPUTE RESPONSES

29.     In July 2021, Plaintiff discovered that Truist reported this Account as late and past due.

30.     As such, Plaintiff submitted online disputes to Experian and Equifax in July 2021.

31.     Truist, Experian, and Equifax each received Plaintiff's online dispute.

32.    In response, Truist verified the debt as accurate to Experian and Equifax.

33.    On or about November 24, 2021, Plaintiff sent a letter, via fax, to Equifax disputing Defendants' reporting of the Account (hereinafter, "Second Dispute"). Please see attached a true and correct copy of Plaintiff's Second Dispute letter and enclosures labeled as **Exhibit A.**

34.    In addition, on or about November 24, 2021, Plaintiff sent the Second Dispute letter to Experian and Trans Union.

35.    Plaintiff enclosed a letter from Truist (hereinafter, "Truist Letter") which proved he was not past due or 30 days late on this account.  A true and correct copy of the Truist Letter is attached as **Exhibit B.**

36.    On November 28, 2021, Equifax responded and verified that the Account was 30-days past due. A true and correct copy of Equifax's Dispute Response is attached as **Exhibit C.**

37.    On December 30, 2021, Experian responded and verified that the Account was 30-days past due. A true and correct copy of Equifax's Dispute Response is attached as **Exhibit D.**

38.    Critically, Trans Union deleted the Account in response to Plaintiff's Second Dispute.

## **DAMAGES**

39.    As a result of Defendants' reporting of the Account, Plaintiff further

dealt with the stress and anxiety of feeling hopeless, believing that he will be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by Truist if he needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

40.     Overall, Plaintiff suffered damage to his otherwise pristine credit reputation as a result of Defendants' conduct.

41.     Plaintiff retained Swift, Isringhaus & Dubbeld, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

42.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Truist, Experian, and Equifax.

43.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage her credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the

Account being reported as a derogatory, negative, or adverse tradeline account.

44.     Specifically, Plaintiff has needed a new automobile but has refrained from applying for one since he knows he will obtain a higher interest rate as a result of this derogatory reporting.

45.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Truist that he was not past due on the Account including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account and Truist's ongoing erroneous reporting of the Account.

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to Truist Only)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

46.     Truist is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and Equifax correct the

Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

47.    As described above, Plaintiff is not past due on this Account; Truist admitted fault in its own Letter.

48.    Despite Truist receiving notice of Plaintiff's disputes from Plaintiff, Experian, Equifax, and TransUnion—including the information and documents referenced in the above paragraph—Truist willfully and/or negligently failed to request that Experian and Equifax correct the tradeline associated with the Account and continued to report derogatory, late payment information to Experian and Equifax including a 30-day late mark.

49.    Truist's credit reporting is materially misleading.

50.    Truist's re-investigations were not conducted in good faith.

51.    Truist's re-investigations were not conducted reasonably.

52.    Truist's re-investigations were not conducted using all information and documents reasonably available to Truist.

53.    As a result of Truist's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer

reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

54.     Specifically, Plaintiff has needed a new automobile but has refrained from applying for one since he knows he will obtain a higher interest rate as a result of this derogatory reporting.

55.     Truist's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

56.     Truist's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

57.     Experian and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files published and maintained concerning Plaintiff.

58.     Experian and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

59.     Specifically, despite Plaintiff advising Experian and Equifax that Plaintiff was not past due—Experian and Equifax each continued to report the Account as 30-days past due, which resulted in a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

60.     Further, Experian and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Experian and Equifax credit reports and credit file.

61.     Such reporting of the Account is false and evidences Experian's and Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

62.     As a result of Experian's and Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain

favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

63.    Experian's and Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

64.    Experian's and Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

65.    Experian and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed

information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

66.     Specifically, Experian and Equifax each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

67.     Experian and Equifax did not request any documents from Truist corroborating information furnished and verified by Truist to Experian and Equifax regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

68.     As such, Experian's and Equifax's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

69.     Such reporting is false and evidences Experian's and Equifax's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

70.     Experian's and Equifax's reinvestigations of Plaintiff's disputes were not conducted reasonably.

71.     Experian's and Equifax's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by Truist.

72.     Experian's and Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

73.     Experian's and Equifax's reinvestigation procedures are unreasonable.

74.     Experian's and Equifax's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian and Equifax.

75.     Experian's and Equifax's reinvestigations were *per se* deficient by reason of these failures in Experian's and Equifax's reinvestigations of Plaintiff's disputes and the Account.

76.     As a result of Experian's and Equifax's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage her credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

77.     Specifically, Plaintiff has needed a new automobile but has refrained from applying for one since he knows he will obtain a higher interest rate as a result of this derogatory reporting.

78.     Experian's and Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

79.    Experian's and Equifax's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**

Plaintiff re-alleges paragraph one (1) through forty-five (45) as if fully restated herein and further states as follows:

80.    Experian and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

81.    Specifically, despite Experian and Equifax receiving Plaintiff's Disputes—Experian and Equifax each *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a derogatory, negative, or adverse account.

82.    Experian's and Equifax's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

83.    As a result of Experian's and Equifax's conduct, actions, and inactions,

Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage her credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

84.    Specifically, Plaintiff has needed a new automobile but has refrained from applying for one since he knows he will obtain a higher interest rate as a result of this derogatory reporting.

85.    Experian's and Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

86.    Experian's and Equifax's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FIVE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

87.    Experian and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

88.    Specifically, despite Experian and Equifax receiving Plaintiff's Disputes—neither Experian nor Equifax deleted the Account from Plaintiff's credit reports and credit files.

89.    Instead, Experian and Equifax continued to report the Account in Plaintiff's credit reports and files as belonging to Plaintiff with late payment information regarding the Account.

90.    As a result of Experian's and Equifax's conduct, actions, and inactions, As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage her credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that

reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

91.     Specifically, Plaintiff has needed a new automobile but has refrained from applying for one since he knows he will obtain a higher interest rate as a result of this derogatory reporting.

92.     Experian's and Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

93.     Experian's and Equifax's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Truist, Experian and Equifax for maximum statutory damages for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*